UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-481-RJC
(3:05-cr-46-RJC-DSC-1)

| | |
|---|---|
| JOSEPH MIKE, | ) |
| Petitioner, | ) |
| vs. | ) ORDER |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** comes before the Court on Petitioner's *pro se* letter that is liberally construed[1] as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Doc. No. 24).

I.  BACKGROUND

Petitioner Joseph Mike pled guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute at least five kilograms of cocaine on November 4, 2005. (Case. No. 3:05-cr-46, Doc. Nos. 25, 26). Petitioner failed to appear at the sentencing hearing so the Court sentenced him *in absentia* on October 1, 2010, over the objection of defense counsel. (Id., Doc. Nos. 43, 82, 95). The Court sentenced Petitioner to life imprisonment and entered the judgment on October 21, 2010. (Id., Doc. No. 88). Petitioner did not appeal. He was later apprehended and began serving his sentence around August 2011. (Doc. No. 2 at 1).

Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 through counsel on

---

[1] Haines v. Kerner, 404 U.S. 519 (1972) (a *pro se* complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers).

1

September 26, 2011, (Doc. No. 1), arguing that former counsel was ineffective for failing to file a notice of appeal on his behalf. He subsequently filed untimely amendments through counsel and *pro se* claiming: (1) counsel was ineffective for pressuring Petitioner to plead guilty when he could have prevailed at trial, (Doc. No. 2); (2) the Government's filing of a § 851 notice was arbitrary and capricious, (Doc. No. 9); and (3) Petitioner was misinformed about the impact of the § 851 notice on his sentence, (Doc. No. 16). The Court denied relief on the merits of his original claim and dismissed his proposed amended motions to vacate as time-barred. (Doc. No. 17). The Fourth Circuit Court of Appeals dismissed his appeal on May 29, 2014. United States v. Mike, 573 Fed. Appx. 289 (4th Cir. 2014). The mandate issued on August 27, 2014. (Doc. No. 2014).

Petitioner filed the instant *pro se* letter on September 18, 2017. (Doc. No. 24). In it, he argues that his claim of ineffective assistance with regards to the guilty plea is timely pursuant to Lee v. United States, 2017 WL 2694701, which was issued on June 23, 2017.

## II. LEGAL STANDARDS

Rule 60 provides permits a court to correct orders and provide relief from judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion must be made within a "reasonable time," and for reasons (1) through

2

(3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The party moving for relief from judgment under Rule 60(b) bears the burden of showing timeliness. Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295 (4th Cir. 2017).

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). A movant must first show that he has moved in a timely fashion, that he has a meritorious defense to the judgment, that the opposing party would not be unfairly prejudiced by a set aside, and show exceptional circumstances. See Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011); Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984) (citing Compton, 608 F.2d at 102). If a movant satisfies these three requirements, then he must show that his motion falls under one of the six grounds set forth in Rule 60(b). Werner, 731 F.2d at 207. Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir.1993) (internal quotation marks and citation omitted). A change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6). Id.

Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than a clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a § 2255 motion); 28

U.S.C. § 2244(b)(3)(A) ("[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

As a general matter, "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Winestock, 340 F.3d at 207; see also Gonzalez v. Crosby, 545 U.S. 524, 531-33 (2005) (concluding that a Rule 60(b) motion for relief from judgment that directly challenges the underlying conviction constitutes a successive § 2254 petition). "When [a] motion presents claims subject to the requirements for successive applications as well as claims cognizable under Rule 60(b), the district court should afford the applicant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application." Winestock, 340 F.3d at 207.

### III. DISCUSSION

Petitioner appears to argue that Rule 60(b) relief is warranted because a new United States Supreme Court case would support relief on his claim that counsel was ineffective for advising him to plead guilty. His argument that there has been a subsequent change in substantive law that would warrant relief is, in substance, a successive § 2255 claim because it attempts to re-raise a previously dismissed attack on his criminal conviction and sentence. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005). Petitioner does not allege that he has obtained leave from the Fourth Circuit to file a successive § 2255 motion to vacate. Indeed, review of the Fourth Circuit's records indicates that Petitioner filed an application for leave to file a second or successive § 2255 motion to vacate based on Lee that was denied on July 26, 2017, case number 17-307. Therefore, the present motion is construed as an unauthorized second or successive § 2255 motion to vacate over

4

which the Court lacks jurisdiction. Id.

### IV. CONCLUSION

For the reasons stated herein, Petitioner's *pro se* letter is liberally construed as a motion for Rule 60(b) relief that is, in effect, an unauthorized successive § 2255 motion to vacate that is dismissed for lack of jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's *pro se* letter is construed as a motion for relief from judgment under Rule 60(b)(6), (Doc. No. 24), which is **DISMISSED** for lack of jurisdiction as an unauthorized successive § 2255 motion to vacate.

Signed: October 26, 2017

Robert J. Conrad, Jr.
United States District Judge